UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN LEMELSON, et al., | CASE NO. C25-2157-KKE |
| Plaintiff(s), | ORDER ON MOTION TO DISMISS |
| v. | |
| STEPHEN F. FROST, | |
| Defendant(s). | |

This matter comes before the Court on Defendant Stephen F. Frost's motion to dismiss for failure to state a claim. Dkt. No. 15. Defendant's motion is unopposed. For the reasons below, the Court grants Defendant's motion, and dismisses this case.

## I.   BACKGROUND

**A.   Procedural History**

On October 31, 2025, Plaintiffs Carolyn Lemelson and Joshua David Kientz, representing themselves, filed this action, bringing claims under both the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. Dkt. No. 1 at 1–2. On November 10, 2025, Defendant filed an answer to the Complaint in which he asserted multiple counterclaims. *See* Dkt. No. 6.

On November 26, 2025, Plaintiffs filed a motion to disqualify Frost from proceeding pro se and to strike the counterclaims he asserted in his answer to the Complaint. Dkt. No. 7. On

ORDER ON MOTION TO DISMISS - 1

December 9, 2025, Defendant filed a cross-motion and response to Plaintiffs' motion to disqualify and to strike.  Plaintiffs did not file a reply.

On December 17, 2025, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 14.  On December 18, 2025, Defendant filed an amended Rule 12(b)(6) motion to dismiss.  Dkt. No. 15.

On January 7, 2026, 58 days after Defendant filed his answer, Plaintiffs filed their first amended complaint.  Dkt. No. 16.  Plaintiffs did not file any opposition to Defendant's motion to dismiss.

**B.      Plaintiffs' Allegations**

As an initial matter, the Court finds that Plaintiffs' original complaint is operative. Amendment as a matter of course is permitted 21 days after service of either a responsive pleading or Rule 12(b) motion, whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  Here, Plaintiffs filed their amended complaint 58 days after Defendant filed his answer.  Thus, Plaintiffs were required to seek leave of the Court or obtain Defendant's written consent to amend their Complaint.  Because they did not, the Court treats Plaintiffs' original complaint as operative, and strikes the amended complaint.[1]

Plaintiffs describe four separate events as giving rise to their claims.

First, at a 2023 deposition, Plaintiffs allege that Frost, an attorney "who represented adverse parties" to Lemelson in *Lemelson v. Bovee*, a Skagit County Superior Court case, "demanded" that Lemelson remove her "visible Christian cross necklace," and that his demand "re-triggered severe trauma, causing tremors, tachycardia, and emotional collapse during the

---

[1] The amended complaint sets out substantially the same factual allegations, though it somewhat re-arranges the grounds for relief. Specifically, Plaintiffs assert five claims for relief against Frost: (1) "deprivation of constitutional rights" under § 1983; (2) "ADA retaliation and interference"; (3) "association-based retaliation"; (4) "coercive burden on free exercise" of religious expression; and (5) "civil conspiracy to interfere with (sic) civil right." Dkt. No. 16 at 5–6. Accordingly, the analysis herein would apply even as to Plaintiffs' amended complaint.

ORDER ON MOTION TO DISMISS - 2

deposition." Dkt. No. 1 at 2. Plaintiffs assert Frost's actions at the deposition violated the ADA, the First Amendment, and "Rule 8.4(d) of the Rules of Professional Conduct." *Id.*

Second, Plaintiffs assert that Frost's email communications with a Washington state assistant attorney general amounted to "collusion" with a state official to derail Ms. Lemelson's ADA accommodations. *Id.* at 2–3.

Third, Plaintiffs allege that on December 16, 2022, Frost entered Plaintiffs' property "without notice or permission during a court-ordered inspection," and called Plaintiff Kientz "a punk." Dkt. No. 1 at 3. They further allege that Frost "filed a retaliatory cross-claim" against Kientz, amounting to "an ethical violation" and "witness tampering." *Id.* This appears to be the only set of factual allegations that involves Kientz.

Fourth, Plaintiffs aver that "Frost has a documented disciplinary record" which "mirrors" his alleged conduct in this case. *Id.*

On these facts, Plaintiffs assert (1) violations of the ADA; (2) civil rights violations under § 1983; and (3) intentional inflection of emotional distress. *Id.* at 3–4.

## II.    ANALYSIS

### A.    Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "consider[s] the allegations collectively and examine[s] the complaint as a whole." *Wilson v. Craver*, 994 F.3d 1085, 1093 n.5 (9th Cir. 2021) (citation modified). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.      Plaintiffs fail to state a federal claim on which relief can be granted.**

  1.  Plaintiffs do not sufficiently allege § 1983 claims.

Plaintiffs assert various claims under 42 U.S.C. § 1983, including allegations that Frost violated Plaintiff Lemelson's rights to due process, equal protection, as well as her First Amendment rights.  Dkt. No. 1.  "Section 1983 does not confer rights, but instead allows individuals to enforce rights contained in the United States Constitution and defined by federal law." *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002).  In particular, § 1983 allows claims against a person who, acting "under color of state law," deprived plaintiffs of such rights.  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  For the conduct of a private individual to be "under color of state law," the conduct must be fairly attributed to the state.  *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989).  Conduct is fairly attributable to the state when (1) "the deprivation [is] caused by the exercise of some right or privilege created by the State … or by a person for whom the State is responsible," (the "state policy" requirement) or (2) when the party charged with the deprivation "may fairly be said to be a state actor" (the "state actor" requirement).  *Collins*, 878 F.2d at 1151.  Plaintiffs' complaint does not sufficiently allege either of these requirements.

Plaintiffs do not identify any state policy, so the Court considers only the state actor requirement.  Here, the named Defendant—who is a private attorney—is not a person acting under color of state law.  Plaintiffs provide no factual allegations to support that Frost acted under color of state law, or that his conduct could be fairly attributed to the state.  *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private practice lawyer cannot be sued under § 1983).  Though Plaintiffs state that Frost worked "jointly" with public officials and

"manipulated" and "weaponized the coercive authority of the State," such conclusory allegations are insufficient. *See Simmons*, 318 F.3d at 1161 ("conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient"); *see also Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (requiring more than "conclusory allegations" to consider a private party a § 1983 state actor). Because Frost is a private attorney, and not a state actor, Plaintiffs fail to state any claim under 42 U.S.C. § 1983.

Thus, the Court will dismiss all of Plaintiffs' § 1983 claims. Because amendment of § 1983 claims against Defendant would be futile, Plaintiffs are not granted leave to amend.

2. <u>Plaintiffs do not sufficiently allege ADA claims.</u>

Plaintiffs also assert a claim under Title II of the ADA, citing 42 U.S.C. § 12132. Dkt. No. 1 at 3. Title II of the ADA states that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As a threshold matter, Plaintiffs' Title II claims fail because Frost is a private attorney, not a public entity. *See Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1045 (N.D. Cal. 2012) ("Title II applies to public entities" and "provides for liability only against public entities"). Although Plaintiffs separate their ADA claims from their § 1983 claims, to the extent Plaintiffs wish to enforce their Title II rights under § 1983, such claims are nevertheless unavailing for the reasons discussed above, and for the additional reason that an individual cannot be sued under § 1983 for violations of Title II of the ADA. *Vinson*, 288 F.3d at 1156.

Plaintiffs also claim retaliation under the ADA, citing 42 U.S.C. § 12203. Dkt. No. 1 at 3. "To maintain an ADA retaliation claim, a plaintiff must show that the defendant owns, leases, or operates a place of public accommodation under the ADA." *Baker v. Avenue5 Residential*, 2:24-CV-01862-JHC, 2025 WL 1207666, at *2 (W.D. Wash. April 25, 2025) (citing *Iceberg v.*

ORDER ON MOTION TO DISMISS - 5

*Brookstone Landscape & Design LLC*, 23-01871-KKE, 2024 WL 1012895, at *2 (W.D. Wash. Mar. 8, 2024)). Plaintiffs do not attempt to show that Frost owns or operates a place of public accommodation.

As such, the Court will dismiss Plaintiffs' ADA claims. Because amendment of Plaintiffs' ADA claims against Defendant would be futile, Plaintiffs are not granted leave to amend.

**C.      The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and Defendant's state law counterclaims.**

District courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary, and "is informed by the … values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* As such, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and Defendant's state law counterclaims, and dismisses those claims.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss without leave to amend. Dkt. No. 15. The remaining pending motions are DENIED as moot. Dkt. Nos. 7, 13, 14. The Clerk is directed to administratively close this case.

Dated this 23rd day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION TO DISMISS - 6